# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MA JINGYI,

Petitioner,

v.

TODD M. LYONS, et al.,

Respondents.

Case No. 1:26-cv-02157-KES-SAB-HC

FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS AND DENY RESPONDENTS' MOTION TO DISMISS

(ECF Nos. 1, 8)

ORDER JOINING WARDEN OF CALIFORNIA CITY DETENTION FACILITY AS RESPONDENT AND DIRECTING CLERK OF COURT TO ADD WARDEN OF CALIFORNIA CITY DETENTION FACILITY AS A RESPONDENT

Petitioner, represented by counsel, is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

The petition alleges that Petitioner is a citizen of China who "has resided in the United States continuously since 2014 [when she] entered [the] United States legally with a valid visa but overstayed."[1] (ECF No. 1 at 3.[2]) In November 2025, Petitioner was arrested pursuant to an administrative warrant and placed in removal proceedings. (ECF Nos. 9-1, 9-2.) Petitioner is

---

[1] The notice to appear alleges that Petitioner was admitted to the United States on June 29, 2017 for a temporary period not to exceed December 28, 2017. (ECF No. 9-1 at 1.)

[2] Page numbers refer to ECF page numbers stamped at the top of the page.

currently detained at the California City Detention Facility and is also facing criminal charges in Los Angeles County. (ECF No. 1 at 3, 5.)

On December 3, 2025, an immigration judge ("IJ") denied Petitioner's request for a custody re-determination, (ECF No. 9-3), finding that Petitioner is a danger to the community due to "a pending Felony Infliction Corporal Injury to Spouse charge,"[3] (ECF No. 9-4 at 2). On April 7, 2026, an IJ ordered Petitioner removed from the United States. (ECF No. 9-5.) Petitioner has filed an appeal with the Board of Immigration Appeals ("BIA") that is pending. See Executive Office of Immigration Review, Automated Case Information System, https://acis.eoir.justice.gov/en/ (last visited June 8, 2026).

On March 10, 2026, Petitioner filed a petition for writ of habeas corpus, asserting the following claims for relief: (1) continued detention violates due process; (2) denial of access to courts; (3) interference with Sixth Amendment rights; and (4) unlawful and arbitrary detention. (ECF No. 1 at 5–6.) On April 13, 2026, Respondents filed a motion to dismiss the petition and an answer. (ECF Nos. 8, 9.) To date, no traverse and no opposition or statement non-opposition to the motion to dismiss have been filed, and the time for doing so has passed.

## II.

## DISCUSSION

### A. Motion to Dismiss

Respondents have moved to dismiss the petition for failure to name Petitioner's immediate custodian. (ECF No. 8.) "[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). The Ninth Circuit has "affirm[ed] the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees." Doe v. Garland, 109 F.4th 1188, 1199 (9th Cir. 2024). However, failure to name Petitioner's immediate custodian as a

---

[3] Petitioner asserts these charges "are false" and "further alleges that local law enforcement referred her to immigration authorities rather than conduct a proper investigation, leading to wrongful detention." (ECF No. 1 at 5.)

Respondent does not warrant dismissal. See Dubrin v. California, 720 F.3d 1095, 1100 (9th Cir. 2013) (rejecting government's argument that petitioner's "technical deficiency" in failing to name state official who has custody of him as respondent warranted dismissal). "The Court 'may join Petitioner's custodian on its own initiative pursuant to Federal Rule of Civil Procedure 19(a).'" Cinthia Jessica C.Q. v. CoreCivic Inc., No. 1:25-cv-01900-KES-SKO (HC), 2025 WL 3694459, at n.1 (E.D. Cal. Dec. 19, 2025) (quoting Jones v. Schwarzennegger, No. C07-4323 JSW (PR), 2008 WL 94771, at *1 n.1 (N.D. Cal. Jan. 8, 2008)). Accordingly, the Court joins the Warden of the California City Detention Facility as a Respondent to this action and recommends that Respondents' motion to dismiss be denied.

### B. Claims 1 and 4

In Claim 1 of the petition, Petitioner asserts that "[c]ivil detention must comply with due process," and "[u]nder *Mathews v. Eldridge*, 424 U.S. 319 (1976), continued detention is unconstitutional where it creates a high risk of erroneous deprivation of liberty." (ECF No. 1 at 5.) In Claim 4 of the petition, Petitioner asserts that the "Ninth Circuit requires procedural safeguards in immigration detention," citing to Singh v. Holder, 638 F.3d 1196 (9th Cir. 2011), and Hernandez v. Sessions, 872 F.3d 976 (9th Cir. 2017). (ECF No. 1 at 6.) Respondents argue that the petition should be denied because "Ninth Circuit has upheld § 1226(a)'s procedure," "Petitioner is lawfully detained under 8 U.S.C. §1226(a) as a danger to the community," and "Petitioner does not claim that the bond hearing before the immigration judge was defective." (ECF No. 9 at 2.)

"The detention of aliens during removal proceedings has long been upheld as a permissible exercise of the political branches' authority over immigration. Section 1226(a) offers substantial procedural protections to detained persons," and the Ninth Circuit has held that "§ 1226(a)'s procedures satisfy due process[.]" Rodriguez Diaz v. Garland, 53 F.4th 1189, 1193, 1213 (9th Cir. 2022). Here, Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and was provided a bond hearing. Petitioner does not claim that the bond hearing before the IJ was defective. Accordingly, the Court recommends finding that Petitioner is not entitled to habeas relief on Claims 1 and 4.

**C. Claims 2 and 3**

In Claim 2 of the petition, Petitioner asserts the "Constitution guarantees meaningful access to courts," and "Petitioner's detention makes court access impossible in practice." (ECF No. 1 at 6.) In Claim 3 of the petition, Petitioner asserts the "right to confront witnesses is fundamental," and "ICE detention is directly preventing Petitioner from exercising that right in her criminal case." (Id.) Respondents argue "Petitioner has not established any prejudice from her inability to attend state court as she has not demonstrated what will happen with her state criminal case if she remains in immigration detention." (ECF No. 9 at 4.)

The Sixth Amendment's Confrontation Clause, made applicable to the states by the Fourteenth Amendment, Pointer v. Texas, 380 U.S. 400, 403 (1965), provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him," U.S. Const. amend. VI. "[T]he Confrontation Clause guarantees the defendant a face-to-face meeting with witnesses appearing before the trier of fact." Coy v. Iowa, 487 U.S. 1012, 1016 (1988).

> The Court has assumed that, even in situations where the defendant is not actually confronting witnesses or evidence against him, he has a due process right "to be present in his own person whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge." *Snyder v. Massachusetts,* 291 U.S. 97, 105–106, 54 S.Ct. 330, 332, 78 L.Ed. 674 (1934). Although the Court has emphasized that this privilege of presence is not guaranteed "when presence would be useless, or the benefit but a shadow," *id.,* at 106–107, 54 S.Ct., at 332, due process clearly requires that a defendant be allowed to be present "to the extent that a fair and just hearing would be thwarted by his absence," *id.,* at 108, 54 S.Ct., at 333. Thus, a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure.

Kentucky v. Stincer, 482 U.S. 730, 745 (1987).

Here, the petition fails to allege from which critical stages of Petitioner's criminal proceeding she has been absent. Further, a violation of a criminal defendant's right to be present is subject to harmless-error analysis, and as argued by Respondents, Petitioner fails to allege how she has been prejudiced by her absence. See Rushen v. Spain, 464 U.S. 114, 117 (1983); Campbell v. Rice, 408 F.3d 1166, 1172 (9th Cir. 2005). Accordingly, the Court recommends finding that Petitioner is not entitled to habeas relief on Claims 2 and 3.

## III.

## RECOMMENDATIONS & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DENIED.

Further, the Court HEREBY ORDERS that the Warden of the California City Detention Facility is JOINED as a Respondent in this matter and DIRECTS the Clerk of Court to add the Warden of the California City Detention Facility as a Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **June 9, 2026**

STANLEY A. BOONE
United States Magistrate Judge