UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MA JINGYI,

Petitioner,

v.

TODD M. LYONS, et al.,

Respondents.

No. 1:26-cv-02157-KES-SAB (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING RESPONDENTS' MOTION TO DISMISS, AND DENYING PETITION FOR WRIT OF HABEAS CORPUS

Docs. 1, 8, 10

Petitioner is proceeding with counsel on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 9, 2026, the assigned magistrate judge issued findings and recommendations that recommended denying respondents' motion to dismiss and denying the petition for writ of habeas corpus. Doc. 10. The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen days after service. On June 10, 2026, petitioner filed timely objections. Doc. 11.

In accordance with 28 U.S.C. § 636(b)(1), the Court reviewed the matter de novo. Having carefully reviewed the file, including petitioner's objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis. Petitioner argues that the magistrate judge failed to adequately analyze whether petitioner's continued detention violates due process. Doc. 11 at 2–3. In *Rodriguez Diaz v. Garland*, the Ninth Circuit held that § 1226(a)'s procedures are facially constitutional but did not foreclose as applied challenges. 53 F.4th 1189, 1213 (9th Cir. 2022). But petitioner has already received a bond hearing in immigration court pursuant to §1226(a), and, as the findings and recommendations found, petitioner "has not pointed to any individualized circumstances warranting additional procedures,

or any unconstitutional failure of the § 1226(a) procedures in [her] case." *Id.* To the extent petitioner argues that the immigration judge relied solely on unproved allegations for denying her bond, that argument was raised for the first time in petitioner's objections. There is no evidence in the record to support that undeveloped argument.

Petitioner also argues that the findings and recommendations failed to adequately analyze her access to court and Sixth Amendment claims. Doc. 10 at 5–7. But the petition is devoid of any specific allegations as to those claims. Petitioner has not demonstrated how her detention violates her access to the courts or her Sixth Amendment rights, or how those claims would entitle her to habeas relief in this case.

Accordingly:

1. The findings and recommendations issued on June 9, 2026, Doc. 10, are adopted.
2. The petition for writ of habeas corpus, Doc. 1, is denied.
3. Respondents' motion to dismiss, Doc. 8, is terminated as moot.
4. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: August 20, 2026

UNITED STATES DISTRICT JUDGE